# 24-2844

IN THE

# United States Court of Appeals

### FOR THE SECOND CIRCUIT

───◆◆◆───

Marina Perez, as Parent and Natural Guardian of C.P. and Marina Perez, Individually,

*Plaintiff-Appellant,*

–against–

Meisha Porter, in his Official capacity as Chancellor of the New York City Department of Education, New York City Department of Education

*Defendants-Appellees.*

───

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

**REPLY BRIEF FOR PLAINTIFF-APPELLANT**

---

RORY J. BELLANTONI
Liberty & Freedom Legal Group
105 East 34th Street, Suite 190
New York, NY 10016
(646) 850-5035
rory@pabilaw.org

*Attorneys for Plaintiff-Appellant*

## **TABLE OF CONTENTS**

*Page(s)*

TABLE OF AUTHORITIES ...................................................................................i

PRELIMINARY STATEMENT………………………………………………….1

ARGUMENT ..........................................................................................................2

    A.   THE IHO DID NOT BAR ALL CONSIDERATION OF PRIOR SCHOOL YEARS......................................................................................................................2

    B.   THE IHO's AWARD OF EXTENDED ELIGIBILTY WAS NOT INTENDED TO REMEDY ONLY THE VIOLATIONS OF THE 2021-2022 IEP.. ......................................................................................................................5

    C.   PLAINTIFF's CLAIMS ARE NOT ADANDONED.. ...............................7

    D.  *BOFFA* IS DIRECTLY ON POINT……………………………….. ........7

    E. THE SRO DECISION IS NOT ENTITLED TO DEFERENCE…………. 14

CONCLUSION .....................................................................................................15

CERTIFICATE OF COMPLIANCE ....................................................................16

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Boffa v. Banks*,
  23 CIV. 7596 (AT), 2025 WL 327381 (S.D.N.Y. Jan. 29, 2025).................. Passim

*Forest Grove Sch. Dist. v. T.A.*,
  557 U.S. 230 (2009) ........................................................................................6

*G.L. v. Ligonier Valley Sch. Dist. Auth.*,
  802 F.3d 601 (3d Cir. 2015)............................................................................6

*K.C. v. Chappaqua Cent. Sch. Dist.*,
  2018 WL 4757965 (S.D.N.Y. Sept. 30, 2018) ...............................................9

*Somoza v. New York City Dep't of Educ.*,
  538 F.3d 106 (2d Cir. 2008)........................................................................4, 6

**Statutes**

20 U.S.C. § 1415(b)(6)(B)....................................................................................4

**Rules**

Fed. R. App. P. 32(a)(5)......................................................................................17
Fed. R. App. P. 32(a)(6)......................................................................................17
Fed. R. App. P. 32(a)(7)(B) ................................................................................17
Fed. R. App. P. 32(a)(7)(B)(iii) ..........................................................................17

# PRELIMINARY STATEMENT

The Defendants' entire argument on appeal is grounded in a misreading of IHO Tennent's October 19, 2022, Findings of Fact and Decision ("FOFD"). Defendants' arguments are based on the premise that the IHO ruled that no school year before 2021–2022 could be considered for any purpose, and the premise that the award of extended eligibility was intended to remedy only the denial of FAPE for the 2021–2022 school year. Both premises are false.

As discussed below (and in Plaintiff's Initial Brief), extended eligibility was awarded because of DOE's failures in previous school years—not only its failure to provide a FAPE for the 2021–2022 school year. As the Plaintiff discusses in her Initial Brief, case law is well-established that, when certain conditions are met, as they are here, awarding prospective relief for violations that the statute of limitations would otherwise bar is appropriate. The Defendants do not address this argument. The IHO's award of extended eligibility is not foreclosed by her ruling that claims related to previous school years were barred. She did not award reimbursement for those years, and denied the traditional compensatory relief sought by Plaintiff, namely, funding for 11 years of tuition and related services at iBRAIN.

This case is remarkably similar, and in many ways identical, to a case recently decided by the Southern District of New York—*Boffa v. Banks*, No. 23 CIV. 7596

1

(AT), 2025 WL 327381 (S.D.N.Y. Jan. 29, 2025). *Boffa* is explored below and supports the conclusion that the District Court erred in the instant case.

## ARGUMENT

### A. The IHO Did Not Bar All Consideration of Prior School Years

Defendants' argument that the IHO excluded consideration of all years before the 2021–2022 school year from consideration is erroneous. The IHO found that the statute of limitations **barred claims** related to those school years. The IHO explicitly stated: "I find that the 2-year Statute of Limitations applies to all claims before June 26, 2021." [A-33].

Plaintiff explicitly sought traditional compensatory relief, requesting that the IHO "order the DOE to fund compensatory education services in the form of eleven (11) years of tuition and related services at iBRAIN, including special transportation. . . ." [ECF 19 at R 0158]. These eleven years would have compensated for eleven years of failing to provide a FAPE. The IHO denied this request. The relief sought was in addition to, and separate from, Plaintiff's request for extended eligibility. [ECF 19 at R 0158].

The distinction between these separate forms of relief is underscored by the fact that, as the District Court observed,

> In his decision, SRO Krolak also noted the distinction between an equitable award of compensatory education in the form of educational programs or services, which a student may receive at the district's expense after his or her eligibility for special education has expired, and

2

an award of extended eligibility, which extends the district's statutory obligations to a student. SRO Krolak explained that the former offers prospective equitable relief to remedy an earlier deprivation whereas the latter 'extends the district's statutory obligations to a student, including the obligation to conduct a CSE meeting and develop an IEP for the student on an annual basis.'

[A-107]. Consequently, both the SRO and the District Court acknowledged the distinction between the two types of relief requested. The first was prohibited; the second was allowed.

Certainly, the IHO knew she had just found that claims from the prior school years were barred by the statute of limitations when she ordered extended eligibility. It certainly, then, was not her intention to bar all consideration of any conduct in prior school years; she specifically **barred claims** from prior school years. The failure to diagnose and address C.P.'s CVI was a continuing violation, which began in 2007, continued until 2021–2022, and included the IEP for the latter school year. The IHO did not forget that, on page 11 of her FOFD, she had found claims from the 2007–08 through 2018–19 school years to be barred, when, on page 13, she ordered extended eligibility to remedy the DOE's failure to address C.P.'s CVI.

Relief for the DOE's failure to diagnose or address C.P.'s CVI is not barred because Plaintiff did not know about the CVI, and had no reason to know about the CVI, until C.P.'s diagnosis at iBRAIN in 2019. This is a well-established exception

3

to a statute of limitations bar.[1] *See, e.g.*, 20 U.S.C. § 1415(b)(6)(B); *Somoza v. New York City Dep't of Educ.*, 538 F.3d 106, 114 (2d Cir. 2008); *Boffa*, 2025 WL 327381. The Plaintiff thoroughly argued this exception thoroughly in her Initial Brief, and Defendants declined or failed to address it at all in their Brief. While the IHO found Plaintiff knew of the DOE's failure to provide FAPE for school years up to 2018–2019, this knowledge did not include failing to address C.P.'s CVI.

While the IHO found Plaintiff's claims for failure to provide FAPE for the 2007–08 through the 2018–19 school years—for all reasons other than failure to address CVI—were barred as untimely, the DOE's failure to address C.P.'s CVI continued, unbeknownst to Plaintiff, until 2019, and continued even beyond that, through the 2021–2022 school year. This was an ongoing violation; it was not simply a component of a specific, inadequate IEP, or a sequence of IEPs. The DOE let this student down for over ten years—DOE repeatedly and severely failed this student with disabilities throughout 14 years. DOE's denial of vision services for most of C.P.'s education qualifies as a "gross violation" of IDEA, warranting, as a remedy, compensatory education. *See Boffa,* 2025 WL 327381. The harm caused by DOE's failures is remediable, regardless of the two-year statute of limitations.

---

[1] Put differently, the Statute of Limitations does not begin to run until the Parent knows, or should have known, about the CVI. There is no evidence in the record that the Plaintiff knew, or should have known, sooner.

4

### B. The IHO's Award of Extended Eligibility Was Not Intended To Remedy Only the Violations of the 2021–2022 IEP

Nor, as Defendants argue, was the extended eligibility intended solely to remedy the violations of the 2021–2022 IEP. After noting that the iBRAIN director testified that C.P. made improvements in, *inter alia*, vision, the IHO found: "Some of these skills the Student has acquired, the Private School Director explained, should have been achieved at a much earlier age, and she attributes their absence to either not being provided and/or regression." [ECF 19 at R 0033]. The IHO also noted that the DOE was aware that C.P. received Vision Education Services ("VES") between the ages of six and seven. [ECF 19 at R 0030]. Furthermore, the IHO understood that C.P. was receiving VES at iBRAIN during the 2021-2022 school year. The IHO cited the testimony of iBRAIN's director that C.P. made progress in his vision while at iBRAIN beginning in the 2019–2020 school year. [ECF 19 at R 0032–0033]. She certainly did not intend to order VES to address the failure to offer VES in a school year in which the student actually received VES. The relief was intended to remedy several years of failure to provide VES.

Moreover, the IHO found, "I was persuaded by the testimony that cortical impairment is a common comorbidity to cerebral palsy and, therefore, the Student's cerebral palsy diagnosis should have prompted the DOE to **regularly** and thoroughly evaluate the Student's vision deficits and related needs in structuring an appropriate

5

IEP and related services." [ECF 19 at R 0038] (emphasis added). This not only clarifies that the IHO was basing extended eligibility on school years prior to 2021–2022, but also supports the conclusion that the DOE's failure was ongoing, up to and including the 2021–2022 school year. Although the FOFD could have been written more artfully, it is simply unreasonable and illogical to argue that the extended eligibility was intended to remedy only the 2021–2022 IEP.

As Plaintiff thoroughly argued in her Initial Brief, a parent may obtain relief for violations typically barred by the statute of limitations if she was unaware of the violation at the time. [*See, e.g.*, Brief for Plaintiff-Appellant at 38]. Defendants do not address this argument. Instead, the DOE and the District Court ignored this argument, placing considerably more weight on the IHO's statute of limitations finding than was intended by the IHO, and rejecting the remainder of her decision. In fact, the IHO's award of extended eligibility based on a years-long violation that the Parent did not and could not have known about is consistent with established case law. *See, e.g., Boffa*, 2025 WL 327381; *Somoza*, 538 F.3d at 114–15; *G.L. v. Ligonier Valley Sch. Dist. Auth.*, 802 F.3d 601, 625–26 (3d Cir. 2015); *Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230, 244 (2009).

Defendants make only one weak attempt to address the award of relief based on prior school years, in a footnote, stating that such relief would be "improperly

6

speculative given that the [sic] indeterminate nature of the student's visual needs during those prior school years." (Brief for Appellees at 17 n.4).

C. **Plaintiff's Claims Are Not Abandoned**

The DOE argues that the Plaintiff cannot seek relief based on claims she abandoned at the administrative level, namely the IHO's finding that claims related to prior school years were barred. [Brief for Appellees at 8]. This argument conflates the request for traditional compensatory relief due to the failure to provide FAPE for 11 years, with the request for extended eligibility. This distinction was not only acknowledged in the Plaintiff's DPC, but also recognized by both the SRO and the District Court, as previously mentioned. The Plaintiff did not abandon her claim for extended eligibility by failing to appeal, as she prevailed on that particular claim. It is a well-established principle that a litigant cannot appeal a decision in which they were the prevailing party. *Boffa*, 2025 WL 327381.

D. ***Boffa* Is Directly On Point**

The Southern District of New York decided *Boffa*, 2025 WL 327381, four months after the order was issued in the instant case. Not only is *Boffa* directly on point, but it is also incredibly well reasoned. The facts of *Boffa* are much like those of this case.[2] In *Boffa*, as here, the student had CVI, which was undiagnosed for

---

[2] Further, counsel on both sides in *Boffa* were the same as counsel on both sides of the instant case, and *Boffa* involved the same private placement as here, iBRAIN.

7

several years, and thus unaddressed by the DOE, during the student's several school years at a DOE school. *Id.* Upon the student's placement at iBRAIN, she was diagnosed with CVI, received appropriate VES, and made significant progress. *Id.* An independent neuropsychologist examined the student and found that she could have made progress had she received appropriate services sooner. *Id.*

As here, the IHO found that claims related to school years more than two years old were barred by the statute of limitations. Also, as here, the IHO denied traditional compensatory relief but found that failing to address the student's vision issues entitled her to four years of extended eligibility. *Id.* On appeal by the DOE, the SRO did exactly the same thing the SRO did in the instant case: reversed the award of extended eligibility, finding that it relied in part on the DOE's failures during school years outside the two-year limitations period. *Id.* The SRO found that, by awarding extended eligibility specifically at iBRAIN, "the IHO effectively "circumvent[ed] the statutory process," pursuant to which a CSE must periodically review a student's progress and recommend appropriate services." *Id.* The SRO made the same assertion here.

When the *Boffa* case reached the District Court, it was in a nearly identical factual and legal posture as the instant case. First, regarding the IHO's statute of limitations ruling, the District Court found that the parent did not forfeit her right to review of the issue by failing to appeal it to the SRO, an argument the DOE raises

8

again here. Because the parents received relief in the form of extended eligibility, they were not aggrieved and could not appeal to the SRO. Thus, they were permitted to raise the issue in the District Court. *Id.*

The plaintiff argued that her claims did not begin to accrue until she learned her child was legally blind when iBRAIN conducted a vision assessment in 2020, and a physician confirmed the diagnosis in 2021. *Id.* at 12. The parent argued "that the IHO mistakenly conflated her knowledge of A.M.'s generalized special needs with her knowledge of A.M.'s vision problems." *Boffa*, 2025 WL 327381, at *5.

The District Court found: "The 'knew or should have known' language in the IDEA's statute of limitations reflects the principle that families 'should [not] be blamed for not being experts about learning disabilities.'" *Id.* (quoting *K.C. v. Chappaqua Cent. Sch. Dist.*, No. 16-CV-3138 (KMK), 2018 WL 4757965, at *1 (S.D.N.Y. Sept. 30, 2018) (citation omitted in *Boffa*)). The Court further found that "DOE points to no evidence suggesting that Boffa knew or should have known about the severity of A.M.'s vision problems before she enrolled A.M. at iBrain, nor does Boffa's preexisting knowledge that A.M. suffers from global delays suffice to put Boffa on notice of the specific statutory violations at issue here." *Id.*

The *Boffa* Court concluded that because the parent had no reason to know of her student's blindness until 2021, her "claims reaching back to SY 2009-10, **to the extent they concern DOE's failure to provide A.M. with vision related services**,

9

are not precluded by the IDEA's statute of limitations." 2025 WL 327381, at *5. (emphasis added). That ruling applies to this case for the same reasons.

Notably, the *Boffa* Court was not troubled by the consideration of the DOE's failure to address the student's vision issues in prior school years, despite the ruling that claims from those years were barred by the statute of limitations. The District Court actually **agreed** with the SRO that, "…once the IHO determined that the statute of limitations barred Boffa's claims before SY 2018-19, it was legally improper for the IHO to consider any potential denial of a FAPE during the earlier nine-year period." 2025 WL 327381, at *5. Having acknowledged the statute of limitations bar, the Court nonetheless found that "the IHO—despite finding that the earlier years were barred by the statute of limitations—ultimately evaluated those IEPs and found that their failure to include vision services, despite indications that A.M. required such services, resulted in the denial of a FAPE." 2025 WL 327381, at *5.

Rather than ruling, as the SRO had, that the IHO's findings were improper based on the statute of limitations bar, the Court **deferred** to the IHO's determination. *Id.* This finding makes it abundantly clear that ruling that **the statute of limitations bars claims from prior school year**s does not mean that the DOE's failure to provide necessary services during those years cannot be remedied. Or put another way, that the student's "educational injury" resulting from years of

10

educational neglect, cannot be remedied, addressed, or compensated with "extended eligibility" to age 25.

In *Boffa* the Court "determine[d] that the denial of a crucial resource like vision education services for most of a child's education qualifies as a gross violation of the statute." *Boffa*, 2025 WL 327381, at *6. As here, the record included evidence that the student could have made more progress with proper services. *Id.* at *7. The Court concluded that three years of appropriate vision services at iBRAIN were insufficient to make up for 13 years of denying necessary vision services. Accordingly, the Court ordered four years of extended eligibility. 2025 WL 327381, at *8. *Boffa* is on all fours with the instant case.[3] It even involves the same Department of Education and the same private placement.

Here, as in *Boffa*, the DOE failed for several years to properly diagnose and address the student's severe vision issues. In both cases, the parent first discovered the student's vision disability after they were evaluated at iBRAIN. In both cases, the IHO found that claims related to prior years were barred by the statute of limitations, denied traditional compensatory education, but awarded four years of extended eligibility (as compensatory education) based on the years-long failure to

---

[3] It should be noted that, despite the striking similarities between *Boffa* and the instant case, and despite being counsel for the DOE in *Boffa*, DefendAnts' counsel here did not discuss, or even address, the primary holdings in *Boffa*.

11

address the student's vision disability. As here, in *Boffa*, the SRO reversed the award, finding that it was inconsistent with the IHO's statute of limitations ruling.

Yet unlike the Court's correct ruling in *Boffa*, the District Court here agreed with the SRO's flawed reasoning. The *Boffa* Court got it right: the parent had no way to know of her student's CVI until she was evaluated at iBRAIN and therefore had no way to know about the DOE's failure to address that condition; the DOE's failure was a gross violation; and despite the statute of limitations barring claims related to prior school years, it was still appropriate and necessary to remedy the DOE's gross violation by awarding four years of extended eligibility. The Court should follow *Boffa*, and rule the same here.

The *Boffa* Court agreed with the SRO that mandating that the student remain at iBRAIN during the extended eligibility "would inappropriately circumvent the IDEA's procedural requirements, which charge states with periodically assessing a student's needs and updating her recommended services and placement accordingly." *Boffa*, 2025 WL 327381, at *6.

Similarly, in the instant case, the District Court observed: "SRO Krolak noted that tying the student to the unilateral placement for the remainder of his current eligibility further circumvents the statutorily required process and assumes the CSE's role in the due process system." [A-108]. But the SRO also found that extended eligibility does not extend rights under the statute, meaning a parent cannot

12

challenge IEPs in future years. [A-60]. The SRO called this "an election of remedies." [A-60]. Essentially, when a student gets extended eligibility, "you get what you get."

Putting these findings together, the conclusion is that a student cannot obtain extended eligibility at a private placement because that would "circumvent" the CSE's responsibility to create new IEPs every year. On the other hand, the parent's right under IDEA to challenge those IEPs is not extended. Thus, the CSE can continue making new determinations each year, but the parent cannot challenge them—they must just accept whatever the DOE gives them. This creates a negative incentive for the school district, allowing it to offer only the minimum (or even less), secure in the knowledge that its decisions cannot be contested.

This conclusion is contrary to the spirit of IDEA, which emphasizes students' rights over those of school districts. The Parent should be entitled to a determination that a private placement is best for the Student—if not, the Parent must be permitted to challenge what the DOE provides. The SRO's conclusion cannot simply be allowed to stand. Here, given that C.P. has been receiving appropriate services at iBRAIN and has made progress over the past several school years, the best of the

two options is to direct that C.P.'s extended eligibility be funded at iBRAIN, as the IHO awarded.[4]

Alternatively, if the Court finds the IHO's findings inconsistent, the appropriate action is not to affirm the first finding (which states that all prior years are barred from consideration by the statute of limitations) and reverse the second, as the SRO and District Court did. Instead, the issue should be remanded to the IHO to resolve the inconsistency.

### E. The SRO Decision is Not Entitled to Deference

The Defendants argue that the Court should defer to the SRO Decision rather than the IHO's FOFD. [Brief for Appellees at 19–20]. However, as outlined above and in the Plaintiff's Initial Brief, the SRO Decision was inadequately reasoned—it misread the FOFD and misapplied the statute of limitations. The decision also turned on issues of law—including the statute of limitations. Like the Court in *Boffa*, this Court should defer to the well-reasoned IHO decision.

---

[4] The Court can award C.P. "compensatory" education in the form of extended eligibility through age 25. *Boffa*, 2025 WL 327381, at *6. Plaintiff can then choose to send C.P. to iBRAIN, even if the Court is not inclined to direct that the DOE must fund the iBRAIN program. As noted above, in *Boffa*, Judge Torres found that mandating that the student remain at iBrain or an alternative private school for the duration of her extended eligibility would inappropriately circumvent the IDEA's procedural requirements, which charge states with periodically assessing a student's needs and updating her recommended services and placement accordingly. *Id.* at n. 7. Nevertheless, Judge Torres' order allowed the Student to attend iBRAIN, and granted the Student retroactive pendency at iBRAIN. Applying her decision retroactively, Judge Torres found that *Boffa* was entitled to tuition and transportation reimbursement retroactively, as pendency. *Id.* at *7.

14

## **CONCLUSION**

For the above reasons and as outlined in the Brief for Plaintiff-Appellant, the District Court made an error in denying Plaintiff's Motion for Summary Judgment and granting Defendants' Cross-Motion for Summary Judgment, and this Court should therefore reverse.

Dated: May 16, 2025
      New York, New York

                                       Respectfully submitted,

                                       ***/S/ Rory J. Bellantoni***
                                       Rory J. Bellantoni (RB2901)
                                       Liberty & Freedom Legal Group
                                       *Attorneys for Plaintiff-Appellant*
                                       105 East 34th Street, Suite 190
                                       New York, NY 10016
                                       (646) 850-5035
                                       rory@pabilaw.org

**CERTIFICATE OF COMPLIANCE**

This reply brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 3,562 words, which is under the word limit, excluding the parts of the Brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii). This reply brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

Dated: May 16, 2025
       New York, NY

Respectfully submitted,

*/S/* **Rory J. Bellantoni**
Rory J. Bellantoni (RB2901)
Liberty & Freedom Legal Group
*Attorneys for Plaintiff-Appellant*
105 East 34th Street, Suite 190
New York, NY 10016
(646) 850-5035
rory@pabilaw.org